# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

LEE ROY ANDERSON,)
)
         Plaintiff,)
)
v. ) No. CIV 15-176-JHP-SPS
)
OKLAHOMA DEPARTMENT )
OF CORRECTIONS, et al., )
)
         Defendants.)

## OPINION AND ORDER

This action is before the court on the defendants' motion to dismiss. The court has before it for consideration Plaintiff's complaint (Dkt. 1) and the defendants' motion (Dkt. 14). Plaintiff has not filed a response to the motion.

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Joseph Harp Correctional Center in Lexington, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at Jackie Brannon Correctional Center (JBCC) in McAlester, Oklahoma. The defendants are the Oklahoma Department of Corrections, JBCC Deputy Warden Wortham, and JBCC Unit Manager J.W. Wilson.

Plaintiff alleges that for the last four years he has been subjected to overcrowding, inadequate plumbing, black mold, constant roach infestation, low ceilings, low air quality, deplorable living conditions, and "unkempt feces" with no "hazmat" service. He claims he has spoken to Defendants Wortham and Wilson, but the only time DOC staff address Plaintiff's complaints is when an audit is forthcoming. (Dkt. 1 at 4). The defendants have moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

**Standard of Review for Fed. R. Civ. P. 12(b)(6)**

A plaintiff must give a "short and plain statement of the claim showing that the pleader is entitled to relief" under Fed. R. Civ. P. 8(a)(2). In assessing a motion to dismiss, the court must accept the factual allegations as true and consider them in the light most

favorable to the plaintiff. *Tomlinson v. El Paso Corp,*, 653 F.3d 1281, 1285-86 (10th Cir. 2011) (citing *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied*, 132 S.Ct. 1574 (2012). A request for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) requires the court to determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the court is required to exercise a liberal interpretation of Plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), the court need not assume the role of advocate for Plaintiff, and he must present more than conclusory allegations to survive a motion to dismiss for failure to state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Id.* (citing cases). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*

**Eleventh Amendment Immunity**

Plaintiff is suing the Oklahoma Department of Corrections (DOC), an agency of the State of Oklahoma, and two DOC employees. The official capacity claims against the defendants are actually claims against the State of Oklahoma. "[T]he Eleventh Amendment bars federal court jurisdiction over a state agency for both money damages and injunctive relief, or a state official acting in her official capacity in a suit for damages." *Ellis v. Univ. of Kansas Med. Ctr.*, 163 F .3d 1186, 1196 (10th Cir.1998). Absent a waiver by the state, or a valid congressional override, the amendment bars a damages action against a state in federal court. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985).

The court, therefore, grants Defendants' motion to dismiss all claims against the Department of Corrections and all official-capacity claims against the individual defendants. Because the Eleventh Amendment involves sovereign immunity, the official-capacity claims

are dismissed "without prejudice" rather than "with prejudice." *Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1, Logan Cnty., Okla. v. Guthrie*, 654 F.3d 1058, 1069 n.9 (10th Cir. 2011).

**Personal Participation**

Defendants Wortham and Wilson claim Plaintiff also has failed to state a claim against them in their individual capacities, because Plaintiff has failed to demonstrate the defendants personally participated in any of the alleged constitutional violations. "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430-31 (10th Cir. 1992). Plaintiff must show that a defendant personally participated in the alleged civil rights violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Supervisory status is not sufficient to support liability under § 1983. *Id. See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

Plaintiff's complaint asserts several conclusory allegations that he has complained to Defendants Wortham and Wilson about "the totality of conditions" of the facility, and he admits the DOC staff addressed "some of the complaints." (Dkt. 1 at 4). Plaintiff is complaining about the defendants in their supervisory positions in the DOC, and there are no explanations of how the defendants violated any specific constitutional rights. Therefore, the court finds Plaintiff has failed to show the defendants personally participated in any constitutional violations, and the defendants are dismissed for failure to state a claim upon which relief may be granted.

Based on the foregoing reasons the court finds the allegations in Plaintiff's complaint are vague and conclusory, and the allegations do not rise to the level of a constitutional violation. The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will

not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

The court authorized commencement of this action *in forma pauperis* under the authority of 28 U.S.C. § 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. *Nietzke v. Williams*, 490 U.S. 319 (1989); *Yellen v. Cooper*, 828 F.2d 1471, 1475 (10th Cir. 1987).

**ACCORDINGLY,** the defendants' motion to dismiss (Dkt. 14) is GRANTED, and this action is, in all respects, DISMISSED as frivolous. The DOC and the official-capacity claims against Defendants Wortham and Wilson are dismissed without prejudice, and the remaining claims are dismissed with prejudice. This dismissal shall count as a STRIKE, pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 31st day of March 2016.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma